**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|   |   |   |
|---|---|---|
| ANGELA JONES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 00-2140 (RCL) |
| | ) | |
| DISTRICT OF COLUMBIA, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Upon consideration of defendants' Renewed Motion for Summary Judgment [109], plaintiff's Opposition [115], the applicable law and the record herein, for the reasons set forth below, the Renewed Motion for Summary Judgment will be **GRANTED** as to Count II of plaintiff's Amended Complaint [84], and **DENIED** as to Counts I and III.

**I. Procedural Posture**

This motion arrives before the Court after remand from the D.C. Circuit Court of Appeals. This Court previously dismissed all of plaintiff's claims, including those of Title VII sexual harassment and retaliation, in an Order Granting Defendants' Motion for Summary Judgment on September 30, 2004. The Court of Appeals affirmed the dismissal of the retaliation and other claims, but reversed the dismissal of the sexual harassment claim because this Court had relied on an affirmative defense not found in responsive pleadings. *Jones v. D.C. Dep't of Corrs.*, 429 F.3d 276, 282 (D.C. Cir. 2005). The Appellate Court also reversed this Court's September 30, 2004 Order Denying Plaintiff's Motion to Amend/Correct 2 Complaint. *Id.*

In plaintiff's Amended Complaint, filed October 1, 2007, she alleges Title VII hostile work environment sexual harassment, Title VII retaliation, and, for the first time, the deprivation

1

of her rights in violation of 42 U.S.C. § 1983. (Am. Compl. ¶ 60-70.) Defendants filed an Answer to Amended Complaint wherein they included the affirmative defense lacking in their previous responsive pleadings. (Am. Answer 8.) They then filed a Renewed Motion for Summary Judgment, urging this Court to again dismiss the sexual harassment claims because of the now properly pleaded affirmative defense, to dismiss the retaliation claims based on the law of the case doctrine, and to dismiss the § 1983 claims because of the absence of a genuine issue of material fact. (Def.'s Mot. for Summ. J. *passim*.)

**II. Background**

Since the legal standard at summary judgment requires the Court to make all reasonable inferences in favor of the non-movant, we relay the facts of the case as presented by plaintiff. Plaintiff Angela Jones worked as a corrections officer for the District of Columbia Department of Corrections ("DCDC") at the Occoquan Facility in Lorton, VA, beginning in September 1997. Soon after plaintiff began to work there, defendant Sergeant Daryl Ellison, plaintiff's supervisor,[1] began to harass her in a number of ways. Plaintiff alleges, in addition to a slew of crude sexual remarks, three main incidents of sexual harassment that created a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, and that violated her rights under color of state law, actionable under 42 U.S.C. § 1983.

The first incident occurred in December 1997, when defendant Ellison locked plaintiff in a gym with him and tried to kiss her, grabbing her and struggling with her until another

---

[1] In the previous Memorandum Opinion of November 9, 2004 [65] dismissing plaintiff's claims, this Court stated, "as a matter of law, Ellison is not Jones' supervisor . . . However, the District did not contest Jones' characterization of Ellison as her supervisor, and both parties argue the case as though the law governing supervisor harassment applies." *Jones v. D.C.*, 346 F. Supp. 2d 25, 45 (D.D.C. 2004). The Court decided that it "must treat the issue of Ellison's supervisory status as conceded by the District and proceed accordingly." *Id.* Remarkably, defendants did not heed this portion of the opinion and again, in their Renewed Motion for Summary Judgment, failed to contest Ellison's supervisory status. (This fact, along with the 25 obvious typographical errors the Court noted in defendants' 13-page motion, leads the Court to believe the filing could have benefited from a proof-read or two.) This Court will again treat Ellison's supervisory status as conceded by defendants.

employee intervened. (Pl.'s Opp'n 4.) The second incident occurred several weeks later, when Ellison called plaintiff to his office "for an evaluation" and again attempted to kiss her, though no physical contact occurred that time. (Opp'n 5.) The third occurred in the spring of 1998 in the cafeteria, when Ellison commented about plaintiff's breasts and panties and brushed up against her "with his whole body." (Opp'n 6.) Plaintiff reported each of these instances to her supervisors Sergeant Armstrong and/or Sergeant Gladden, who promised to take care of the problem. (Opp'n 7.)

In April 1998, a short time after the third incident, plaintiff filed a formal sexual harassment complaint with the DCDC. The DCDC immediately issued cease and desist orders to defendant Ellison and plaintiff, and the two had no further contact from that point on. She later filed a complaint with the Equal Opportunity Employment Commission, and then this Court. Plaintiff alleges that she was retaliated against for filing the complaints because shortly thereafter her shift began to change frequently and she eventually wound up on Tower duty, a very undesirable position in the prison. (Opp'n 9-11.)

**III. Legal Standard**

    a. **Summary Judgment**

Summary judgment is appropriate upon a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party must point to an absence of material evidence in the record, and then the burden shifts to the non-movant to show the existence of a dispute for trial. *Bias v. Advantage Intern, Inc.*, 905 F.2d 1558, 1561 (D.C. Cir. 1990). In reviewing disputed facts, the Court must draw all reasonable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The non-moving party must, however, provide more than

a "scintilla of evidence," and summary judgment is appropriate where the evidence could not persuade a reasonable jury to find for the non-movant. *Id.* at 252. Conclusory allegations by the non-movant are not enough to survive summary judgment. *Exxon Corp. v. F.T.C.*, 663 F.2d 120, 127 (D.C. Cir. 1980).

**IV. Discussion**

    **a.  Retaliation claim**

This Court previously dismissed Plaintiff's Title VII retaliation claim at summary judgment, and the Court of Appeals affirmed that dismissal. *Jones*, 429 F.3d at 282. Defendants argue that the claim is barred by the law of the case doctrine, which says that "legal decisions made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes [sic] the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge the decision at a later time." (Def.'s Mot. 11) (quoting *Kimberlin v. Quinlan*, 199 F.3d 496, 400 (D.C. Cir. 1999)). Plaintiff responds by asserting that an intervening change in law warrants a departure from the law of the case doctrine, and by alleging new facts in support of her retaliation claim. (Pl.'s Opp'n 37.)

There was no waiver in this case. Both parties argue the law of the case doctrine despite the obvious inapplicability of its definition to these proceedings. This Court dismissed the retaliation claim at summary judgment, and plaintiff *did* challenge that dismissal in the subsequent appeal. The Court of Appeals specifically addressed the retaliation issue in their opinion, and affirmed this Court's judgment as to it. *Jones*, 429 F.3d at 280-82. Thus, the dismissal of the retaliation claim became a valid and final judgment on the merits, and that claim is now barred by the doctrine of *res judicata*.[2] *See Hardison v. Alexander*, 655 F.2d 1281, 1288

---

[2] Defendants did assert the affirmative defense of *res judicata* on page 9 of their Amended Answer on October 11, 2007. Thus, it is proper for the Court to decide this issue on those grounds. *Res judicata* may also be addressed by a

4

(D.C. Cir. 1981); *Role Models Am., Inc. v. Penmar Dev. Corp.*, 394 F. Supp. 2d 121, 129 (D.D.C. 2005). *Res judicata* means that "the parties to a suit and their privies are bound by a final judgment and may not relitigate any ground for relief which they already have had an opportunity to litigate *even if they chose not to exploit that opportunity*." *Hardison*, 655 F.3d at 1288 (emphasis added). Thus, plaintiff's attempts to provide new facts and arguments in support of her retaliation claim are futile because she had the opportunity to litigate that claim previously.

Equally unnecessary are plaintiff's assertions that an intervening change in law compels the Court to revisit her retaliation claim, as would be required under the law of the case doctrine per *Kimberlin*, 199 F.3d at 500. Unlike the law of the case doctrine, *res judicata* does not care about intervening changes of law, and in civil cases "a retroactive decision can affect only suits pending in the courts or not yet brought, but cannot be raised by previously unsuccessful litigants." *Hardison*, 655 F.3d at 1288 (quoting *Zweibon v. Mitchell*, 606 F.2d 1172, 1177 (D.C. Cir. 1979)).Compelling public policy reasons may warrant deviation from this rule, *Hardison*, 655 F.3d at 1288, but none exist here.

Furthermore, even were this Court compelled to revisit the claim because of the intervening change in law, the result would not change. Plaintiff cites *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 65 (2006), for the proposition that a materially adverse change in the conditions of employment is not necessary for a retaliation action under Title VII, contrary to this Court's holdings in its previous opinion. Thus, plaintiff argues, her transfer to Tower duty, though only a lateral transfer, can still constitute an adverse action sufficient to make a case of retaliation. (Pl.'s Opp'n 38.) However, another crucial element of a prima facie case of

---

court *sua sponte*. *Nader v. McAuliffe*, 593 F. Supp. 2d 95, 100 (D.D.C. 2009) (citing *Stanton v. D.C. Ct. of Appeals*, 127 F.3d 72, 77 (D.C.Cir.1997)).

retaliation, in addition to the existence of an adverse action, is a causal connection between the adverse action and plaintiff's protected activity. *Cones v. Shalala*, 199 F.3d 512, 521 (D.C. Cir. 2000). Because the change in law asserted by plaintiff does not affect the causation element of a retaliation action, and *res judicata* forbids plaintiff from putting forth any evidence not litigated previously, this Court defers to its previous opinion, which said, "the Court cannot find even a genuine fact issue as to whether a causal relationship exists between Jones' complaints and the employment events at issue here." *Jones*, 346 F. Supp. 2d at 53. Thus, even with the change in law, plaintiff's retaliation claim would have failed and still does still fail to survive summary judgment.

### b. 48 U.S.C. § 1983 Claim

In plaintiff's § 1983 claim against defendant Ellison, the main question at issue is whether Ellison acted under the color of state law. The statute states, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983. Defendants correctly note that Ellison only acted under state law if he "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988). Defendants hone in on plaintiff's sexual assault and battery claims, and suggest that any such action by Ellison was outside the scope of his DCDC duties and therefore not made possible by his authority under state law. (Def.'s Mot. 13).

However, plaintiff's claim alleges the deprivation of her rights through not only the assault and battery, but also the creation of a generally discriminatory environment in violation of the Equal Protection Clause. (Am. Compl. ¶ 65, 68.) Such activities would include the alleged incident where defendant Ellison called plaintiff to his office for "an evaluation" and proceeded to verbally harass her. (Pl.'s Opp'n 4). Since Ellison's supervisory status has been conceded by defendants, *see supra* note 1, this incident falls squarely within the definition cited by plaintiff which holds that "if an individual is possessed of state authority and purports to act under that authority, his action is state action. It is irrelevant that he might have taken the same action had he acted in a purely private capacity . . ." *Griffin v. Maryland*, 378 U.S. 130, 135 (1964). There is most certainly a genuine fact issue as to whether defendant Ellison purported to use his supervisory state authority over plaintiff to lure her to his office and harass her, such that his conduct was in fact made possible by the clothes of state authority per *West*. There may be a lack of a genuine issue as to whether Ellison *possessed* the supervisory authority he purported to act under, but that question is not before the court at this time for reasons stated, so plaintiff's § 1983 claim must survive summary judgment.

    **c.  Title VII Sexual Harassment Claim**

In the Court of Appeals' reversal of summary judgment of plaintiff's Title VII sexual harassment claims, the Appellate Court's only reason for the reversal was the failure of defendants to raise the *Faragher-Ellerth* affirmative defense in a responsive pleading before this Court relied on it at summary judgment. *Jones*, 429 F.3d at 280. The Appellate Court acknowledged the lack of a tangible employment action, making the *Faragher-Ellerth* defense available to defendants, and merely required that they raise it first. *Id.* Having now raised the defense in their Amended Answer, defendants re-assert the *Faragher-Ellerth* defense as the sole

ground for summary judgment. However, plaintiffs have justified the Court of Appeals' firmness in requiring notice of an affirmative defense in responsive pleadings before raising it in a dispositive motion. Making good use of their second chance to oppose summary judgment, plaintiffs have in their Opposition to Defendants' Renewed Motion produced sufficient evidence to create a genuine issue as to whether defendants can prove the *Faragher-Ellerth* defense.

This Court's prior Memorandum Opinion held that "plaintiff's allegations here more than suffice to create a genuine issue of material fact with respect to elements (1) through (4) of the hostile work environment claim," but that defendants' successful assertion of the *Faragher-Ellerth* defense negates the fifth element.[3] *Jones*, 346 F. Supp. 2d at 47-48. Both parties in the motions currently before the Court only argue the success or failure of the *Faragher-Ellerth* defense, so the Court need only address that defense in determining whether or not to grant summary judgment at this time. Because plaintiff has produced evidence (not present in her opposition to the earlier motion) creating a genuine issue of material fact as to the second prong of the *Faragher-Ellerth* affirmative defense, the Title VII sexual harassment claim must survive summary judgment.

Because no tangible employment action has occurred in this case, *Jones*, 429 F.3d at 279, defendants may escape liability for the creation of a hostile work environment if they prove: "(a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm

---

[3] The elements necessary to establish a prima facie case of hostile work environment sexual harassment under Title VII are: (1) the plaintiff is a member of a protected class; (2) the plaintiff was subjected to unwelcome sexual harassment; (3) the sexual harassment was based on the plaintiff's sex; (4) the harassment had the effect of unreasonably interfering with the plaintiff's work performance and created a hostile work environment; and (5) that there is a basis for holding the employer liable for the creation of the hostile working environment. *See Davis v. Coastal Int'l Sec., Inc.*, 275 F.3d 1119, 1122-23 (D.C. Cir. 2002).

otherwise." *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998); *Burlington Indus. v. Ellerth*, 524 U.S. 742, 765 (1998). Both prongs of the defense must be proven by a preponderance of the evidence in order for defendant DCDC to escape liability.

Even deferring to this Court's previous holding that DCDC's written sexual harassment policy worked promptly and reasonably, fulfilling the first prong of the defense (Mem. Op. 33),[4] summary judgment is no longer proper because of new evidence creating a genuine fact issue as to the second *Faragher* prong. This Court previously found the second prong fulfilled because of plaintiff's failure to mitigate damages by only reporting the harassment to Sergeant Armstrong and delaying so long in filing a formal complaint. (Mem. Op. 37.) Plaintiff failed to produce any evidence that Sergeant Armstrong had any supervisory authority or was in a position to report or remedy the alleged harassment. *Id.* at 36. In her most recent filing, however, plaintiff has produced the following evidence in support of her reasonableness in taking advantage of the sexual harassment policy: (1) her own sworn testimony (which we must construe in her favor at this stage) that she reported all three major incidents of harassment to either Sergeant Armstrong, Gladden, or Legon (Pl.'s Opp'n 33), that all three were supervisors (Opp'n 34), and that Sergeant Armstrong was plaintiff's own direct supervisor and acting Lieutenant (Opp'n 21); (2) DCDC's written sexual harassment policy, which stipulates that an employee may file a complaint to his or her supervisor, orally or in writing, and that the supervisor shall make necessary adjustments, document the complaint, and forward it to the appropriate personnel for investigation. (Opp'n 34; Def.'s Mot. Ex. 5 at 152.)

Taking these alleged facts as true, it seems clear that plaintiff took advantage of the preventive and corrective opportunities available to her right down to the letter. After reporting

---

[4] The Court notes, however, that plaintiff has produced a significant amount of evidence that the policy was ineffective and perfunctory, which may well create a genuine issue as to that prong also.

each successive incident orally in compliance with the harassment policy, she went even further in submitting a written complaint she ought not to have needed had her supervisors fulfilled their roles in the sexual harassment procedures. Based on this evidence, plaintiff has created a genuine issue of material fact as to the second prong of the *Faragher-Ellerth* defense and the fifth element of a claim of hostile work environment sexual harassment. This Title VII claim must survive summary judgment.

## IV. Conclusion

For the foregoing reasons,

The Motion for Summary Judgment [43] will be **GRANTED** as to Count II,

The Motion for Summary Judgment [43] will be **DENIED** as Counts I and III.

A separate order shall issue this date.


Signed by Chief Judge Royce C. Lamberth on August 18, 2009.